# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 5:09-CV-01156-RDP** |
| } | |
| **DAVID F. HILL,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

The court has before it Plaintiff United States of America's (hereinafter "Plaintiff") Motion for Entry of Default and Judgment by Default (Doc. # 4), filed on August 18, 2009, against Defendant David F. Hill. Plaintiff's motion is based upon Defendant's failure to appear or otherwise respond to the allegations of the complaint. For the reasons outlined below, the motion is due to be granted.

This action was commenced on June 9, 2009, by the filing of Plaintiff's complaint seeking monetary damages for alleged failure to pay certain promissory notes. (Doc. # 1). A copy of the summons and complaint was served on Defendant on June 23, 2009. (Docs. # 3, 4). Despite having been served with the summons and complaint, Defendant has neither filed anything with the court in his defense nor contacted the court in any manner about this case.

Plaintiff also seeks a Rule 55(b) default judgment against Defendant for monetary damages in the amount of $ 10,117.31 ($3,001.94 on Count I of the Complaint, and $7,115.37 on Count II of the Complaint). These amounts represent the principal on the promissory notes, accrued interest, and court and administrative costs. (Doc. # 4, Ex. B and C).

Federal Rule of Civil Procedure 55 (b) states:

(b) Entering a Default Judgment.

(1) **By the Clerk**. If the plaintiff's claim is for a sum certain or for a sum which can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor or incompetent person.

(2) **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least three days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed.R.Civ.P. 55(b). Although the Clerk of Court is permitted to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned. That is the case even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because a plaintiff's claim against a defendant is for a sum certain or for a sum which can

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony evidencing that Defendant is not an infant or incompetent person (Doc. # 4, Ex. A), and that Defendant has failed to make payments owed pursuant to two promissory notes. (Doc. # 1, Ex. A-D; Doc. # 4, Ex. B and C).   Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co., Ltd. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The affidavit testimony demonstrates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the total amounts owed by Defendant under the promissory notes total $10,117.31.  (Doc. # 4, Ex. B and C).  This amount is a sum certain calculated as follows:

- a. $3,001.94 on Count I (Promissory Note executed by Plaintiff on November 7, 1988) attributable as follows:
    - i. $1,107.60 principal;
    - ii. $1,489.34 accrued interest (interest rate of 5.82% per annum);
    - iii. $55 costs of process server; and
    - iv. $350 court costs.
- b. $7,115.37 on Count II (Promissory Note executed by Plaintiff on November 7, 1988) attributable as follows:
    - i. $2,822.21 principal; and

    ii. $4,293.16 accrued interest (interest rate of 8% per annum).

(Doc. # 1, Ex. B-D; Doc. 4, Ex. B and C).  Accordingly, Rule 55(b)(1) – and not 55(b)(2) – governs this case.  Moreover, because these damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due."  Fed.R.Civ.P. 55(b)(1).  *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

  Based upon the court's review of the affidavit testimony and its study of the relevant case law, Plaintiff's Motion for Entry of Default and Judgment by Default (Doc. #4) is due to be and hereby is **GRANTED**.  Based upon the record, Plaintiff is due to recover from Defendant the sum of $10,117.31.  The court will enter a final default judgment in favor of Plaintiff and against Defendant that is consistent with this order.

  **DONE** and **ORDERED** this  21st  day of August, 2009.

                _____
                **R. DAVID PROCTOR**
                UNITED STATES DISTRICT JUDGE